UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN TURNER,

    Plaintiff,

  v.

KOVITZ SHIFRIN NESBIT,

    Defendant.

No. 14 CV 327

Judge Manish S. Shah

## ORDER

Defendant's motion to dismiss [23] is denied.

## STATEMENT

Defendant Kovitz Shifrin Nesbit moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiff Brian Turner's Fair Debt Collection Practices Act claims.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the district court must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor. *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The court may also look beyond the complaint to other evidence submitted by the parties to determine whether subject-matter jurisdiction exists. *Id.* A Rule 12(b)(6) motion to dismiss "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Once more, the court accepts all well-pleaded facts as true. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

According to plaintiff's amended complaint, on May 29, 2013, defendant filed a forcible entry and detainer action against him in the Circuit Court of Cook County. [20] ¶ 9. The case, filed on behalf of the North Marine Drive Condominium Association, claimed that plaintiff owed homeowner's association dues. *Id.* ¶ 10. After being served with process, plaintiff contacted an attorney who advised him to go to the initial status hearing at the Daley Center and to ask for a 30-day continuance to retain counsel. *Id.* ¶¶ 12-14. Plaintiff went to the Daley Center the day of his hearing, and while waiting for his case to be called, he heard someone

shout, "Is anybody here for 5060 North Marine Drive?" *Id.* ¶ 15. Plaintiff then spoke with a woman who identified herself as an attorney for the Condo Association and as from defendant's law firm. *Id.* ¶ 16. The attorney handed plaintiff a document and told him that by signing it he would have 60 days to become current on his association dues. *Id.* ¶ 18. Plaintiff asked the attorney if that was his only option, to which she responded, "Yes." *Id.* ¶ 19. The attorney added that if plaintiff did not sign the document, the sheriff would take possession of the condo in three days. *Id.* ¶ 20. Plaintiff signed it, but it turned out to be an agreed order for possession of the condo, which was to be stayed for 60 days. *Id.* ¶¶ 21-24. Plaintiff asked the attorney if he needed to discuss the matter further with the judge, and she said, "No." *Id.* ¶ 22. A few weeks later, plaintiff received a letter from defendant reminding him that an order of possession had been entered on June 24, 2013, and that if he did not satisfy the judgment amounts by August 25, 2013, the sheriff would be directed to vacate the premises. *Id.* ¶ 23.

Plaintiff brought suit against defendant under sections 1692e(5), 1692e(10), 1692e(11), 1692e(15), and 1692f of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.). Defendant now moves to dismiss the amended complaint. It first argues that plaintiff has failed to state a claim for relief as to the alleged § 1692e(11) violation. *See* Fed. R. Civ. P. 12(b)(6). Section 1692e(11) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Defendant argues that plaintiff "neither alleged that that [sic] [defendant] violated § 1692e(11) in failing to identify itself as a debt collector in the initial communication nor that [defendant] failed to disclose that any information provided by the Plaintiff would be used for the purpose of collecting a debt." [23] at 4. I agree that plaintiff did not affirmatively allege that the attorney failed to identify herself as a debt collector.[1] Likewise, I agree that plaintiff did not affirmatively allege that

---

[1] Section 1692e(11) differentiates between initial and subsequent communications. Both parties consider the Daley Center communication to have been a subsequent communication. [27] at 6; [29] at 4. But the amended complaint speaks of no communications prior to the

the attorney failed to disclose that any information provided by plaintiff would be used for the purpose of collecting a debt. Nevertheless, construing the allegations in the light most favorable to plaintiff, I conclude the § 1692e(11) claim is sufficient. Plaintiff affirmatively alleged what was communicated during the Daley Center conversation. He made no mention, however, of the attorney telling him that any information she obtained would be used for the purpose of collecting a debt. As a result, plaintiff's complaint can reasonably be read as alleging that the attorney did not provide that disclosure. In other words, one can read plaintiff's complaint as embodying the advice: "Show, don't tell." Instead of telling of the attorney's failed disclosure, he showed it.

Defendant next argues that the entire amended complaint should be dismissed under Rule 12(b)(1) because I lack subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment may be . . . ." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir.2002) (quotation omitted). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *See Feldman*, 460 U.S. at 482 n. 16. A claim that is inextricably intertwined with a state court determination will warrant the doctrine, however, only if the plaintiff had a "reasonable opportunity" to raise the issue in the state court proceeding. *Sheikhani v. Wells Fargo Bank*, 526 Fed. App'x 705, 706 (7th Cir. 2013); *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012); *McDonald v. White*, 465 Fed. App'x 544, 547-48 (7th Cir. 2012); *Gilbert v. Illinois State Board of Education*, 591 F.3d 896, 901-02 (7th Cir. 2010); *but see Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 607 (7th Cir. 2008) ("the 'reasonable opportunity' exception to the *Rooker-Feldman* doctrine is of questionable viability").[2]

The Seventh Circuit has twice held that parties to Illinois forcible entry and detainer actions do not have a reasonable opportunity to raise FDCPA claims in

---

Daley Center encounter (other than the service of process, which is excluded under § 1692e(11)). To the extent the parties consider the attorney's courtroom shout to have been a communication separate and apart from the conversation, I disagree—it was simply the beginning of that dialogue. The Daley Center communication was the initial communication for purposes of the FDCPA.

[2] In *Kelley*, the state-court case was an Indiana small-claims action for the collection of a debt. 548 F.3d at 605. The Seventh Circuit ultimately held that the plaintiffs had a reasonable opportunity to bring their FDCPA claims in the state court. *Id.* at 606-07. Thus, *Kelley* does not control this case, in which the state-court action was for forcible entry and detainer under Illinois law.

those proceedings. *Long v. Shorebank Development Corp.*, 182 F.3d 548, 559-60 (7th Cir. 1999); *Chambers v. Habitat*, 215 F.3d 1329, *3 (7th Cir. 2000) (unpublished). This is because, under Illinois law, "[a] forcible entry and detainer proceeding is a summary statutory action to adjudicate possession rights and should not be burdened by other matters unrelated to the issue of possession." *People ex rel. Department of Transportation v. Walliser*, 258 Ill.App.3d 782, 788 (3d Dist. 1994); *see also Miller v. Daley*, 131 Ill.App.3d 959, 961 (3d Dist. 1985) ("The distinct purpose of the forcible entry and detainer proceeding is to determine only who should be in rightful possession."); 735 ILCS § 5/9–106 ("no matters not germane to the distinctive purpose of the [forcible entry and detainer] proceeding shall be introduced by joinder, counterclaim or otherwise.").

Here, plaintiff's FDCPA claims were not actually litigated in the state court proceeding. Nor, as a matter of law, did plaintiff have a reasonable opportunity to present them there. The *Rooker-Feldman* doctrine therefore does not apply.

Defendant's motion to dismiss [23] is denied.


ENTER:

Date: 12/8/14

Manish S. Shah
U.S. District Judge